In the Matter of the Claim of MORRIS L. EMPLE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22,

1967, which determined that claimant voluntarily left his employment without good cause. Claimant worked as a routeman for the employer laundry for approximately five and one-half months. The routemen were given the day's deliveries together with stubs showing each delivery and the amount due. They were supposed to keep one copy of the stub. Every day they turned in their receipts and at the end of the week they were given a statement showing the total turned in and the balance outstanding. The employment contract made each routeman responsible for any shortages and claimant knew that he was required to make up any moneys which were found to be short. At the time of his discharge, employer determined that claimant was short over $100 and demanded payment before allowing him to continue work. Claimant refused to pay contending he was not short. He was thereupon discharged. Claimant was furnished with stubs and statements so that he could keep his own records and verify those of the employer. Claimant contends he was not short and, in fact, alleges that he put a little extra in his receipts each day just to protect himself against possible errors. His union investigated his protests but did nothing further. Although there is a dispute whether or not claimant was actually short, there is no disagreement that if there was a shortage it was a requirement of his employment that he make up any deficiency. This claimant refused to do without any evidence that the audit showing same was in error and he, therefore, provoked his discharge. What constitutes good cause is a factual question (*Matter of Sperling* [*Catherwood*], 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481) and its determination is within the province of the board if supported by substantial evidence (*Matter of Weinberger* [*Catherwood*], 22 A D 2d 995). There is nothing in this record requiring reversal and, therefore, the board's determination cannot be disturbed (*Matter of Martino* [*Catherwood*], 24 A D 2d 772; *Matter of Tatem* [*Catherwood*], 26 A D 2d 607). Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.